1    MARIA M. LAMPASONA, SBN 259675
     lampasona@rankinlaw.com
2    DAMON THURSTON, SBN 186861
     thurston@rankinlaw.com
3    RANKIN, SHUEY, RANUCCI, MINTZ,
     LAMPASONA & REYNOLDS
4    2030 Franklin Street, Sixth Floor
     Oakland, CA  94612
5    Telephone Number:  (510) 433-2600
     Facsimile Numbers:  (510) 433-2699 and (510) 452-3006
6
7    Attorneys for Defendant
     STATE CENTER COMMUNITY COLLEGE
     DISTRICT (erroneously also sued herein as "FRESNO
8    CITY COLLEGE")

9

10                 UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF CALIFORNIA
11

12   CRYSTAL RICHARDSON-BASS, an          Case No.
     individual,
13                                        **DEFENDANT'S NOTICE OF REMOVAL OF
                        Plaintiff,        CASE TO FEDERAL COURT**
14
          v.
15
     FRESNO CITY COLLEGE, a Public
16   Entity; STATE CENTER COMMUNITY
     COLLEGE DISTRICT, a Public Entity;
17   JERRY HERTZLER, an individual; and
     DOES 1 through 30,
18
                        Defendants.
19

20        Defendant STATE CENTER COMMUNITY COLLEGE DISTRICT (erroneously also

21   sued herein as "FRESNO CITY COLLEGE") (hereinafter "Defendant") respectfully alleges as

22   follows:

23        1.     On October 1, 2019, Plaintiff filed her Complaint against Defendants in the

24   Superior Court of the State of California, County of Fresno entitled *Crystal Richardson-Bass, an*

25   *individual v. Fresno City College, a Public Entity; State Center Community College District, a*

26   *Public Entity; Jerry Hentzler, an individual; and Does 1 through 30, inclusive.*  A true and correct

27   copy of the Unverified Complaint is attached hereto as **Exhibit A.**

28

RANKIN, SHUEY, RANUCCI, MINTZ,
LAMPASONA & REYNOLDS
2030 Franklin Street, Sixth Floor
Oakland, CA  94612

2.     There are no other pleadings on file in the State Court Action at the time of this Removal.

3.     Defendant first received the Unverified Complaint on October 1, 2019.  Therefore this Notice of Removal is filed within 30 days after receipt by Defendant of a copy of the pleading setting forth the claim for relief upon which this action is based.  It is Defendant's understanding that Defendant Jerry Hentzler has neither received a copy of, or has been served, the Complaint.

4.     Defendant has not filed an Answer to Plaintiff's Unverified Complaint in the Superior Court for the County of Fresno at the time of this Removal.

5.     Pursuant to 28 U.S.C. section 1331, this Court has original jurisdiction over claims arising under laws of the United States.  Specifically, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

6.     Plaintiff's Unverified Complaint contains claims presenting federal questions, arising under laws of the United States, alleging violation of Title IX of the Education Amendments of 1972.  (**Exhibit A**, pg. 2, claim 6.)  This Court has original jurisdiction over these claims pursuant to 28 U.S.C. section 1331.

7.     Pursuant to 28 U.S.C. section 1367, this Court has supplemental jurisdiction over claims presenting non-federal questions so related to federal claims in the action that they form part of the same case or controversy in the Complaint.  Specifically, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

8.     Plaintiff's Unverified Complaint contains claims presenting non-federal questions so related to federal claims in the action that they form part of the same case or controversy in the Complaint.  Plaintiff also alleges; (1) Intentional Infliction of Emotional Distress; (2) Negligent Infliction of Emotional Distress; (3) Negligent Hiring, Supervision and Retention; (4) Vicarious

RANKIN, SHUEY, RANUCCI, MINTZ,
LAMPASONA & REYNOLDS
2030 Franklin Street, Sixth Floor
Oakland, CA  94612

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

Liability; and (5) Harassment in Educational Institution. (**Exhibit A**, pg. 2, claims 1-5). This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. section 1367, as these claims are so related to the federal claims in the complaint that they form part of the same case or controversy under Article III of the United States Constitution.

9.  Here, Plaintiff alleges that he was harmed through harassment and retaliation by Defendant. Plaintiff seeks economic, non-economic, compensatory, punitive damages, pre-judgment interest, cost, and reasonable attorney's fees.

10.  This case is a suit of a wholly civil nature brought in California State Court. Pursuant to 28 U.S.C. section 1441(a), this civil action may be removed by Defendant to this Court. Because Plaintiff filed the State Court Action in Fresno County, the United States District Court for the Eastern District of California is the appropriate venue for removal of the State Court Action because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. §§ 1441(a), 1391(a).

11.  Accordingly, based on the foregoing, this Court has original and supplemental jurisdiction over the Complaint, and removal to this Court from Fresno County Superior Court is proper, pursuant to 28 U.S.C. sections 1331, 1336, and 1441, respectively.

12.  Pursuant to 28 U.S.C. section 1446(d), Defendant will promptly provide written notice of removal of this action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Fresno County Superior Court.

13.  A copy of the Notice of Removal of Case to Federal Court that will be filed with the California Superior Court, County of Fresno, is attached hereto as **Exhibit B.**

WHEREFORE, Defendant prays that this action be removed to this Court.

Dated: November 1, 2019                    RANKIN, SHUEY, RANUCCI, MINTZ,
                                           LAMPASONA & REYNOLDS

                                           By: /s/ *Maria M. Lampasona*
                                               MARIA M. LAMPASONA
                                               Attorney for Defendant

RANKIN, SHUEY, RANUCCI, MINTZ, LAMPASONA & REYNOLDS
2030 Franklin Street, Sixth Floor
Oakland, CA 94612

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

# Exhibit A

1   Gavril T. Gabriel, [SBN: 296433]
    Tiara Gose, [SBN: 323823]
2   **LAW OFFICES OF GAVRIL T. GABRIEL**
    8255 Firestone Blvd., Suite 209
3   Downey, California 90241

4   Phone: (562) 758-8210
    Fax: (562) 758-8219
5   Email: GGabriel@GTGLaw.Org
           TGose@GTGLaw.Org
6
    Benjamin Eghbali, [SBN: 309545]
7   **LAW OFFICES OF PAOLO CAPUTO**
    1101 N Pacific Ave., Suite 207,
8   Glendale, CA 91202-4368

9
    Phone: (213) 228-3325
10  Fax: (213) 406-1252
    Email: benjamin.eghbali.esq@gmail.com
11
    Attorneys for PLAINTIFF,
12  CRYSTAL RICHARDSON-BASS

13

14              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15              **COUNTY OF FRESNO – B. F. SISK COURTHOUSE**

16

17  CRYSTAL      RICHARDSON-BASS,      an   | CASE NO.   19CECG03557
    individual,
18                                          | COMPLAINT FOR:
                 Plaintiff,
19                                          | (1) INTENTIONAL INFLICTION OF
    v.                                      |     EMOTIONAL DISTRESS;
20                                          | (2) NEGLIGENT INFLICTION OF
    FRESNO CITY COLLEGE, a Public           |     EMOTIONAL DISTRESS;
21  Entity; STATE CENTER COMMUNITY          | (3) NEGLIGENT HIRING, SUPERVISION
    COLLEGE DISTRICT, a Public Entity;      |     AND RETENTION;
22  JERRY HENTZLER, an individual; and      | (4) VICARIOUS LIABILITY;
    DOES 1 through 30, inclusive.           | (5) HARASSMENT IN EDUCATIONAL
23               Defendants.                |     INSTITUTION; and
                                            | (6) TEACHER STUDENT HARASSMENT
24                                          |     UNDER TITLE IX.
25
                                            | Unlimited,
26                                          | Jury Trial Demanded
27

28
                              -1-
                    **COMPLAINT FOR DAMAGES**

E-FILED
9/30/2019 5:04 PM
Superior Court of California
County of Fresno
By: J. Nelson, Deputy

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1    COMES NOW PLAINTIFF, CRYSTAL RICHARDSON-BASS (hereafter referred to as

2    "Plaintiff"), and complains and alleges as follows:

3                                         **SUMMARY**

4         This is an action by Plaintiff, who experienced harassment and retaliation while attending

5    classes at Defendant FRESNO CITY COLLEGE. Plaintiff brings this action against Defendants

6    for economic, non-economic, compensatory, and punitive damages, pursuant to *Civil Code*

7    section 3294, pre-judgment interest pursuant to *Code of Civil Procedure* section 3291, and costs

8    and reasonable attorneys' fees pursuant to *Government Code* section 12965(b) and *Code of Civil*

9    *Procedure* section 1021.5.

10                                        **PARTIES**

11        1.    *Plaintiff:* Plaintiff is, and at all times mentioned in this Complaint was, a resident

12    of the County of Fresno, California. Plaintiff attended classes at Defendant's location, in Fresno,

13    California.

14        2.    *Defendants:* Plaintiff is informed and believes and based thereon alleges that

15    Defendants FRESNO CITY COLLEGE and DOES 1 through 10 (hereinafter collectively referred

16    to as "Fresno City College" or "Defendants"), are a public entity duly organized and existing

17    under the laws of the State of California, which governing board, officers, employees, and staff,

18    operated, managed, supervised and controlled Fresno City College located at 1101 East

19    University Avenue, Fresno, California 93741.

20        3.    Plaintiff is informed and believes and based thereon alleges that Defendants

21    STATE CENTER COMMUNITY COLLEGE DISTRICT and DOES 11 through 20 (hereinafter

22    collectively referred to as "SCCCD" or "Defendants"), are a public entity duly organized and

23    existing under the laws of the State of California, which governing board, officers, employees,

24    and staff, operated, managed, supervised and controlled Fresno City College located at 1101 East

25    University Avenue, Fresno, California 93741.

26        4.    *Individual Defendants:* Plaintiff is informed and believes and based thereon

27    alleges that Defendants Jerry Hentzler and DOES 21 through 30 (hereinafter collectively referred

28    to as "Hentzler" or "Defendants") are, and at all times mentioned in this Complaint were,

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-2-

**COMPLAINT FOR DAMAGES**

1    residents of the County of Fresno, California. Defendant Hentzler was employed by and was an
2    agent of Defendants Fresno City College and SCCCD in the County of Fresno, State of
3    California.

4        5.    *Doe Defendants:* Defendants Does 1 through 30, inclusive, are sued under
5    fictitious names pursuant to *Code of Civil Procedure* section 474. Plaintiff is informed and
6    believes, and on that basis alleges, that each of the Defendants sued under fictitious names is in
7    some manner responsible for the wrongs and damages alleged below, in so acting was functioning
8    as the agent, servant, partner, and employee of the co-Defendants, and in taking the actions
9    mentioned below was acting within the course and scope of his or her authority as such agent,
10   servant, partner, and employee, with the permission and consent of the co-Defendants. The named
11   Defendants and Doe Defendants are sometimes hereafter referred to, collectively and/or
12   individually, as "Defendants."

13       6.    *Relationship of Defendants:* All Defendants compelled, coerced, aided, and/or
14   abetted conduct alleged in this Complaint, which conduct is prohibited. All Defendants were
15   responsible for the events and damages alleged herein, including on the following bases: (a)
16   Defendants committed the acts alleged; (b) at all relevant times, one or more of the Defendants
17   was the agent or employee, and/or acted under the control or supervision, of one or more of the
18   remaining Defendants and, in committing the acts alleged, acted within the course and scope of
19   such agency and employment and/or is or are otherwise liable for Plaintiff's damages; (c) at all
20   relevant times, there existed a unity of ownership and interest between or among two or more of
21   the Defendants such that any individuality and separateness between or among those Defendants
22   has ceased, and Defendants are the alter egos of one another. Defendants exercised domination
23   and control over one another to such an extent that any individuality or separateness of
24   Defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of
25   the separate existence of Defendants would permit abuse of the corporate privilege and would
26   sanction fraud and promote injustice. All actions of all Defendants were taken by employees,
27   supervisors, executives, officers, and directors during employment with all Defendants, were
28

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-3-
COMPLAINT FOR DAMAGES

1  taken on behalf of all Defendants, and were engaged in, authorized, ratified, and approved of by

2  all other Defendants.

3      7.    In addition, Defendants compelled, coerced, aided, and abetted the unlawful

4  conduct.

5      8.    Finally, at all relevant times mentioned herein, all Defendants acted as agents of

6  all other Defendants in committing the acts alleged herein.

7                    I.    VENUE AND JURISDICTION

8      9.    Venue is proper in Fresno County because all Parties reside in Fresno County and

9  the acts complained of herein occurred in Fresno County.

10                   II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

11     10.   Prior to filing this action, Plaintiff adequately exhausted all of her administrative

12  remedies by filing a complaint with Fresno City College on December 11, 2018. Pursuant to

13  *Government Code* section 911.6, if an application is not granted or denied within 45 days after it

14  is presented, the application shall be deemed to have been denied on the 45th day. Therefore,

15  Plaintiff alleges that her claim was denied on January 25, 2019. (A true and correct copy of

16  Plaintiff's Complaint is attached hereto as **Exhibit "A"**).

17     11.   Plaintiff filed a complaint with Fresno City College on December 13, 2018

18  regarding the indifference of school representative Lorraine M. Smith upon receiving and

19  rejecting Plaintiff's complaint of sexual harassment. (A true and correct copy of Plaintiff's

20  Complaint is attached hereto as **Exhibit "B"**).

21     12.   Plaintiff never received a response to her complaint submitted on December 13,

22  2018. Therefore, pursuant to *Government Code* section 911.6, Plaintiff alleges that her claim

23  submitted to Fresno City College on December 13, 2018 was denied on January 27, 2019.

24     13.   Plaintiff filed a government claim dated January 29, 2019, through the

25  Department of General Services Office of Risk and Insurance Management. (A true and correct

26  copy of Plaintiff's Government Complaint is attached hereto as **Exhibit "C"**).

27     14.   Plaintiff never received a response to her complaint submitted on January 29,

28  2019. Therefore, pursuant to *Government Code* section 911.6, Plaintiff alleges that her claim

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-4-

1 | submitted through the Department of General Services Office of Risk and Insurance Management

2 | on January 29, 2019 was denied on March 15, 2019.

3 |      15.    On February 12, 2019 Plaintiff submitted a government claim through the City of

4 | Fresno's Risk Management Department regarding the afore-mentioned conduct of Jerry Hentzler.

5 | (A true and correct copy of Plaintiff's Government Complaint is attached hereto as **Exhibit "D"**).

6 |      16.    On February 19, 2019, Plaintiff received a letter from Fresno's Personnel

7 | Services Department informing her that the complaint she had submitted on February 12, 2019

8 | regarding the conduct of Jerry Hentzler had been rejected. (A true and correct copy of Plaintiff's

9 | Government Complaint is attached hereto as **Exhibit "E"**).

10 |      **III.**    **FACTS COMMON TO ALL CAUSES OF ACTION**

11 |      17.    Plaintiff began attending Fresno City College in or around January of 2018.

12 |      18.    On or about August of 2018, Plaintiff began her second semester at Fresno City

13 | College. Plaintiff was enrolled in two horticulture classes during the second semester. Defendant,

14 | professor Jerry Hentzler, taught both of the horticulture classes in which Plaintiff was enrolled.

15 |      19.    On the first day of Plaintiff's second semester, Plaintiff arrived early to class.

16 | Plaintiff conversed with Hentzler, asking questions she had relating to the class and horticulture.

17 |      20.    During their conversation, Hentzler asked Plaintiff, "Can we sleep together?"

18 | Plaintiff turned down Hentzler's sexual advances, informing him that she was married and that

19 | they could not engage in such conduct. Thereafter, Plaintiff began to experience harassment and

20 | opposition from Hentzler.

21 |      21.    About a week later, in or around August of 2018, Hentzler began to describe his

22 | body parts to Plaintiff in the classroom. Hentzler was telling Plaintiff how he hated the size of his

23 | legs and how skinny they were and that he inherited those legs from his mother. He was also

24 | talking about how old he is. This made Plaintiff uncomfortable. Plaintiff felt as though Hentzler

25 | was grooming Plaintiff in the event that she changed her mind regarding Hentzler's sexual

26 | proposition.

27 |      22.    In or around October of 2018, Plaintiff won first place at the Big Fresno Fair for

28 | her plant entry. Typically, winners of this event have their picture taken separately with their

LAW OFFICES OF GABRIL T. GABRIEL
8225 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

**COMPLAINT FOR DAMAGES**

1  plant and placed on the poster board in the office for display. It was Hentzler's responsibility to

2  do so. However, rather than take a photo of Plaintiff with her plant, Hentzler used a previous

3  group photo of Plaintiff with other students and placed it on the bottom of the poster board in the

4  office.

5         23.     In November of 2018, Plaintiff's class took a class trip to Sequoia National Park.

6  At the park, Plaintiff asked to purchase a bottle of water from Hentzler in order to wash her hands

7  because no area was provided to wash hands after using the bathroom at the park. Hentzler told

8  Plaintiff that because Plaintiff had not purchased a pre-made lunch from Defendant, Plaintiff

9  could not purchase a bottle of water.

10        24.     Hentzler had already been made aware by Plaintiff that Plaintiff was not in a

11  financial position to purchase a pre-made lunch. Hentzler had extended a credit to other students

12  who were also unable to purchase a pre-made lunch, however Hentzler did not extend this same

13  credit to Plaintiff. Hentzler's aid was taking the orders of the students but she ignored Plaintiff's

14  requests for a credit until Plaintiff's husband was paid. There was a surplus of water left over at

15  the end of the day.

16        25.     In or around December of 2018, Plaintiff was among some students in her class

17  who volunteered to help at the Fresno City College Craft Fair. Plaintiff was the first to arrive. As

18  a thank you to the volunteers, Hentzler gave free plants to the students and purchased lunch for

19  them. However, Hentzler did not buy lunch for Plaintiff nor give her plants for free. Plaintiff was

20  the only student for whom Hentzler did not buy lunch.

21        26.     Additionally, the tower district, an area in Fresno, distributes a monthly

22  newspaper. The volunteers at the Fresno City College Craft Fair customarily have their names

23  mentioned in the newspaper. However, according to Plaintiff's knowledge, Hentzler intentionally

24  excluded Plaintiff's name from the newspaper.

25        27.     On or about December 11, 2018, Plaintiff went to the campus counselling center

26  and was directed to Lorane Smith ("Smith") in order to file a sexual harassment complaint.

27  Plaintiff was stopped by Smith and told she could not complain about sexual harassment because

28  Plaintiff had only been asked for sex on one occasion. Smith refused to accept Plaintiff's

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-6-

COMPLAINT FOR DAMAGES

1   complaint against Hentzler.

2       28.     Thereafter, Plaintiff was paying Hentzler for a set of plants. Plaintiff asked

3   Henztler why he was making her pay for her poinsettia plants when the other volunteers received

4   these plants for free. Hentzler became angry at Plaintiff and shouted at her, "What's wrong with

5   you?" in front of the entire class, humiliating Plaintiff.

6       29.     On or around November 2018, Hentzler brought apple cider and donuts to class.

7   Plaintiff arrived after the donuts were gone. Plaintiff commented to Hentzler, "Hey Jerry I got

8   some cider but I missed the donuts." Hentzler responded in front of the class, "That's okay, you

9   don't need any anyways." Hentzler humiliated Plaintiff by commenting about her weight in front

10  of the entire class.

11      30.     Plaintiff has been the victim of harassment and retaliation on a continuous and

12  ongoing basis. As a result of Hentzler, Fresno City College and SCCCD's unlawful conduct,

13  Plaintiff has suffered from emotional distress, and damages to be determined at time of trial.

14      31.     This is an action brought by Plaintiff, against Defendants, alleging, *inter alia*, (1)

15  Intentional Infliction of Emotional Distress; (2) Negligent Infliction of Emotional Distress; (3)

16  Negligent Hiring, Supervision and Retention; (4) Vicarious Liability; (5) Harassment in

17  Educational Institution; and (6) Teacher Student Harassment Under Title IX.

18      32.     *Economic damages:* As a consequence of Defendants' conduct, Plaintiff has

19  suffered and will suffer harm, including lost past and future income and employment benefits,

20  damage to her career, and lost wages, and has incurred medical expenses, in a sum to be proven at

21  trial.

22      33.     *Non-economic damages:* As a consequence of Defendants' conduct, Plaintiff has

23  suffered and will suffer psychological and emotional distress, humiliation, mental pain and

24  physical pain and anguish, in a sum to be proven at trial.

25      34.     *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or

26  malice under California *Civil Code* section 3294 and, thus, entitles Plaintiff to an award of

27  exemplary and/or punitive damages.

28  ///

COMPLAINT FOR DAMAGES

LAW OFFICES OF CAMIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1    a.    *Malice:* Defendants' conduct was committed with malice within the meaning of

2  California *Civil Code* section 3294, including that (a) Defendants acted with intent to cause injury

3  to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by harassing and

4  retaliating against Plaintiff because of her good faith complaints, and/or (b) Defendants' conduct

5  was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and

6  safety, including Plaintiff's right to be free of harassment and retaliation.

7    b.    *Oppression:* In addition, and/or alternatively, Defendants' conduct was

8  committed with oppression within the meaning of *Civil Code* section 3294, including that

9  Defendants' actions against Plaintiff because of her good faith complaints were "despicable" and

10  subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to an

11  educational environment free of harassment and retaliation.

12    c.    *Fraud:* In addition, and/or alternatively, Defendants' conduct, as alleged, was

13  fraudulent within the meaning of California *Civil Code* section 3294, including that Defendants

14  asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse

15  job actions, thereby to cause Plaintiff hardship and deprive her of legal rights.

16    35.    *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and

17  attorneys' fees.

### IV.    FIRST CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendants Hentzler and DOES 21 through 30)

20    36.    Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth

21  herein, the allegations contained in paragraphs 1 through 35.

22    37.    At the time of the incidents, Hentzler and/or DOES 21 through 30, inclusive, were

23  acting in the course and scope of their employment with Fresno City College and SCCCD.

24    38.    Fresno City College, SCCCD and/or DOES 1 through 20, inclusive, knew or had

25  reason to know of the severe and pervasive acts being perpetrated by Hentzler and/or DOES 21

26  through 30, inclusive, upon Plaintiff, as Fresno City College and SCCCD had been given notice

27  of such acts by Plaintiff. Fresno City College, SCCCD and DOES 1 through 20, inclusive, chose

28  to turn a blind-eye to the acts of Hentzler and/or DOES 21 through 30, inclusive, thereby

-8-

**COMPLAINT FOR DAMAGES**

LAW OFFICES OF GABRIEL T. GABRIEL
8235 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1  allowing Plaintiff to be continually sexually harassed and retaliated against while attending
2  Fresno City College.

3       39.    In committing the acts as hereinabove alleged, Defendants, and each of them,
4  acted in an extreme and outrageous fashion.

5       40.    The conduct of Hentzler, Fresno City College, SCCCD and/or DOES 1 to 30,
6  inclusive, was done with reckless disregard for the rights of Plaintiff. Defendants, and each of
7  them, knew that Plaintiff relied on Defendants, and each of them, for her education at Fresno City
8  College. Hentzler, Fresno City College, SCCCD and/or DOES 1 through 30, inclusive, also knew
9  that by use of their superior position this would further enforce the superior position of Hentzler,
10 Fresno City College, SCCCD and/or DOES 1 through 30, inclusive, over Plaintiff.

11      41.    The conduct of Hentzler, Fresno City College, SCCCD and/or DOES 1 through
12 30, inclusive, was intentional and done for the purpose of causing Plaintiff to suffer mental
13 anguish and emotional and physical distress.

14      42.    Plaintiff suffered severe emotional distress with symptoms of anxiety,
15 embarrassment, humiliation, depression, shock and injury as well as losses in medical expenses,
16 future medical expenses and other damages. Defendants' conduct was a substantial factor in
17 causing Plaintiff's severe emotional distress.

18      43.    As a proximate result of said extreme and outrageous conduct, Plaintiff has
19 suffered and continues to suffer pain, discomfort, anxiety, extreme emotional distress,
20 embarrassment, humiliation, depression, shock, and injury as well as losses in medical expenses,
21 future medical expenses and other damages, all in an amount according to proof and in excess of
22 the minimum jurisdictional requirements of this Court. If the Court requires, Plaintiff shall seek
23 leave of Court to amend this Complaint with the exact amount of her damages when the same has
24 been ascertained.

25      44.    Defendants' infliction of emotional distress on Plaintiff was done intentionally, so
26 as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in that it was carried
27 on by Defendants with a willful and conscious disregard of the rights or safety of others, thereby
28 constituting malice as defined by *Civil Code* section 3294.

LAW OFFICES OF GABRIEL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-9-
**COMPLAINT FOR DAMAGES**

45.    Defendants' wrongful conduct toward Plaintiff was despicable, and subjected Plaintiff to cruel and unjust hardship, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

46.    The aforementioned conduct of Defendants was conducted in a malicious and oppressive manner, thereby justifying an award of exemplary and punitive damages.

47.    The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

## V.    SECOND CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)
(Against Defendants Fresno City College, SCCCD and/or DOES 1 to 20, inclusive)

48.    Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 47.

49.    In doing the acts described herein, Fresno City College, SCCCD and/or DOES 1 to 20, inclusive, negligently, carelessly and unlawfully acted in such a manner that severe injuries were caused to Plaintiff.

50.    At all times mentioned herein, Plaintiff had the expectation that she would be safe and secure at Fresno City College, free from unwanted sexual harassment and retaliation on the premises of Fresno City College and that she would be free to enjoy an education as required, while a student at Fresno City College. Fresno City College, SCCCD and/or DOES 1 to 20, inclusive, owed to Plaintiff the following duties:

a.    A duty of care to provide an environment in which Plaintiff would be safe from unwanted sexual harassment and unwanted sexual conduct. The California Constitution, Art. 1, §28, subd. (c), provides that students have an inalienable right to attend safe, secure and peaceful campuses.

b.    A duty to provide policies and procedures for the proper safety of students and enrollees during all school hours, while at school sponsored activities and while students and enrollees are using education services, to ensure that when students use their facilities, their

LAW OFFICES OF GABRIEL L. GABRIEL
8255 FIRESTONE B., VO., SUITE 209
DOWNEY, CA 90241

-10-
COMPLAINT FOR DAMAGES

1    facilities are safe from teachers and students, even if those teachers are hired by Fresno City

2    College, SCCCD and/or DOES 1 to 20, inclusive.

3          c.          Pursuant to *Education Code* section 44807, Fresno City College, SCCCD and/or

4    DOES 1 to 20, inclusive, and their agents, as public school officials, employers, agents and/or

5    employees, had a duty to supervise, at all times, the conduct of their teachers, aides and students,

6    including their conduct in regard to the privacy and safety of all students on school grounds,

7    including classrooms and all school facilities.

8          d.          A duty to provide policies and procedures for the use of classrooms, during all

9    school hours, before school hours and after school hours, to ensure that when students are in the

10   classrooms, no matter what time of day, they are free to do so.

11         e.          Fresno City College, SCCCD and/or DOES 1 to 20, inclusive, are mandatory

12   reporters pursuant to California Penal Code § 11 165. 7. As mandatory reporters, they had a

13   mandatory duty pursuant to California Penal Code §11166 to report the activities of Hentzler

14   and/or DOES 21 to 30, inclusive, as disclosed by Plaintiff, beginning in the 2018 August school

15   semester, immediately upon notification by the Plaintiff. They had a duty to make the first report

16   by telephone, then to follow-up by written notification within 36 hours of receiving the

17   information from the student.

18         f.          Pursuant to *Education Code* section 44807, a duty to enforce their rules and

19   regulations necessary for the protection of their students and a duty to hold students to a strict

20   account for their conduct on the way to and from school, on the playgrounds, in the bathrooms,

21   on the school yard, during recess, breaks and lunches.

22         g.          A duty to enforce the policies and procedures of Fresno City College and to

23   ensure that when students are enrolled in their school, they are safe.

24         h.          A duty to immediately investigate and research students' claims to determine

25   their truth, and once determined, to suspend and then terminate Hentzler and/or DOES 21 to 30,

26   inclusive.

27         i.          A duty to implement reasonable safeguards, to avoid acts of unlawful sexual

28   conduct in the future by Hentzler and/or DOES 21 to 30, inclusive, including, but not limited to,

LAW OFFICES OF GABRIEL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 208
DOWNEY, CA 90241

-11-

**COMPLAINT FOR DAMAGES**

1    preventing or avoiding placement of Hentzler and/or DOES 21 to 30, inclusive, in a function or

2    environment in which contact with students is an inherent part of that function or environment.

3          j.     A duty to have faculty, staff, employees, agents and/or co-workers check the

4    school grounds, classrooms and bathrooms at intermittent times throughout the day, including

5    break time, snack time, lunch time, recess, before school and after school, to ensure that students

6    and/or members were not engaging in inappropriate behavior in such locations.

7          k.     A duty to manage their faculty, staff, employees and/or agents, including, but not

8    limited to, Hentzler and/or DOES 21 to 30, in such a way that students and enrollees are

9    protected, employees anticipate foreseeable issues, and employees take steps to ensure that

10   students and enrollees are protected. This duty applies not only to dangerous conditions, but to

11   general operations as well.

12         l.     A duty to provide copies of the rules to all students, teachers and care givers of

13   the students and enrollees.

14         m.    A duty to post copies of the rules at all applicable locations.

15         n.    Fresno City College, SCCCD and/or DOES 1 to 20, inclusive, had a special

16   relationship with Plaintiff. This special relationship imposes an affirmative duty upon Fresno City

17   College, SCCCD and/or DOES 1 to 20, inclusive, to take all reasonable steps to protect Plaintiff.

18   The affirmative duty arises, in part, based on the compulsory nature of education. (Rodriguez v.

19   Inglewood School Dist. (1986) 186 Cal.App.3d 707.)

20         51.    *Government Code* section 815.2(a) provides that "A public entity is liable for

21   injury proximately caused by an act or omission of an employee of the public entity within the

22   scope of his employment if the act or omission would, apart from this section, have given rise to a

23   cause of action against that employee or his personal representative."

24         52.    *Government Code* §820(a) provides that "Except as otherwise provided by statute

25   (including Section 820.2), a public employee is liable for injury caused by his act or omission to

26   the same extent as a private person."

27         53.    Fresno City College, SCCCD and/or DOES 1 to 20, inclusive, breached the

28   above-mentioned duties by:

LAW OFFICES OF GAYWIL T. GABRIEL, 8255 FIRESTONE BLVD., SUITE 209, DOWNEY, CA 90241

COMPLAINT FOR DAMAGES

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1      a.      Failing to provide an environment in which Plaintiff would be safe from unwanted sexual harassment and retaliation. The California Constitution, Art. I, §28, subd. (c), provides that students have inalienable right to attend safe, secure and peaceful campuses.

      b.      Failing to provide policies and procedures for the proper safety of students and enrollees during all school hours, while at school sponsored activities and while students and enrollees are using education services, to ensure that when students use their facilities, their facilities are safe from teachers, even if those teachers are aides hired by Fresno City College, SCCCD and/or DOES 1 to 20, inclusive.

      c.      Failing to supervise, at all times, the conduct of the teachers on school grounds, including the classrooms and facilities, and to enforce those rules and regulations necessary to their protection pursuant to Education Code § 44807.

      d.      Failing to provide policies and procedures for the use of classrooms, during all school hours, before school hours and after school hours, to ensure that when students use the classrooms and facilities, they are free to do so.

      e.      Failing to report the activities of Hentzler and/or DOES 21 to 30, inclusive, pursuant to California Penal Code § 11166, as disclosed by Plaintiff. Fresno City College, SCCCD and/or DOES 1 to 20, inclusive, are mandatory reporters pursuant to Penal Code § 11165.7. As such, they had a duty to make the first report by telephone, then to follow-up by written notification within 36 hours of receiving the information from any student, including, but not limited to, Plaintiff.

      f.      Failing to supervise, at all times, the conduct of their teachers and aides, including their conduct in regard to the privacy and safety of their students and to enforce those rules and regulations necessary to their protection pursuant to Education Code §44807. Fresno City College, SCCCD, Hentzler and/or DOES 1 to 30, inclusive, failed to follow the statutes as required, thereby allowing the sexual harassment of Plaintiff to continue for an extensive period of time.

      g.      Failing to enforce the policies and procedures of Fresno City College and to ensure that when students are enrolled in their school, they are safe.

-13-

1    h.    Failing to immediately investigate and research students' claims to determine their

2    truth, and once determined, to suspend and then terminate Henztler and/or DOES 21 to 30,

3    inclusive.

4    i.    Failing to implement reasonable safeguards, to avoid acts of unlawful sexual

5    conduct in the future by Hentzler and/or DOES 21 to 30, inclusive, including, but not limited to,

6    preventing or avoiding placement of Hentzler and/or DOES 21 to 30, inclusive, in a function or

7    environment in which contact with students is an inherent part of that function or environment.

8    j.    Failing to have faculty, staff, employees, agents and/or co-workers check the

9    school grounds and classrooms at intermittent times throughout the day, including break time,

10    snack time, lunch time, recess, before school and after school, to ensure that teachers, students

11    and/or staff members were not engaging in inappropriate behavior.

12    k.    Failing to manage their faculty, staff, employees and/or agents, including, but not

13    limited to, Hentzler and/or DOES 21 to 30, inclusive, in such a way that students and enrollees

14    are protected, employees anticipate foreseeable issues, and employees take steps to ensure that

15    students and enrollees are protected. This duty applies not only to dangerous conditions, but to

16    general operations as well.

17    l.    Failing to provide copies of the rules to all students, teachers and care givers of

18    the students and enrollees.

19    m.    Failing to post copies of the rules at all applicable locations.

20    n.    Failing to take all reasonable steps to protect Plaintiff.

21    54.    Plaintiff suffered serious emotional distress, suffering from pain, discomfort,

22    anxiety, extreme emotional distress, embarrassment, humiliation, depression, shock and injury as

23    well as losses in medical expenses, future medical expenses and other damages.

24    55.    The injuries suffered by Plaintiff as set forth herein are precisely the type of

25    injuries which the aforementioned statutes and regulations are designed to prevent; i.e., to protect

26    and to prevent injuries to students.

27    56.    The breach of the above mentioned duties by Fresno City College, SCCCD and/or

28    DOES 1 to 20, inclusive, was the direct and proximate cause of Plaintiff's severe emotional

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-14-

COMPLAINT FOR DAMAGES

1   injuries. Had Fresno City College, SCCCD and/or DOES 1 to 20, inclusive, monitored the

2   classrooms, monitored its employees, implemented policies and procedures and followed policies

3   and procedures, Plaintiff may not have been injured and/or injured to the severe extent she was

4   injured by the inactions of Fresno City College, SCCCD and/or DOES 1 to 20, inclusive.

5       57.    Plaintiff is informed and believes and thereon alleges that since the filing of

6   Plaintiff's claims, Fresno City College, SCCCD and/or DOES 1 to 20, inclusive, have

7   implemented policies and procedures to help ensure the safety of students.

8       58.    Defendants' negligence was a substantial factor in causing Plaintiff's serious

9   emotional distress.

10      59.    As a direct and proximate result of such negligent and wrongful conduct by

11  Fresno City College, SCCCD and/or DOES 1 to 20, inclusive, Plaintiff has suffered and continues

12  to suffer pain, discomfort, anxiety, extreme emotional distress, embarrassment, humiliation,

13  depression, shock and injury as well as losses in medical expenses, future medical expenses and

14  other damages, all in an amount according to proof and in excess of the minimum jurisdictional

15  requirements of this Court. If the Court requires, Plaintiff shall seek leave of Court to amend this

16  complaint with the exact amount of her damages when the same has been ascertained.

17      60.    Defendants' wrongful conduct toward Plaintiff was despicable, and subjected

18  Plaintiff to cruel and unjust hardship, as herein alleged, in conscious disregard of Plaintiff's

19  rights, thereby constituting oppression as defined by *Civil Code* section 3294.

20      61.    The aforementioned conduct of Defendants was conducted in a malicious manner,

21  thereby justifying an award of exemplary and punitive damages.

22      62.    The damages caused by Defendants are well in excess of the minimum subject

23  matter jurisdictional amount of this Court and will be demonstrated according to proof.

24      WHEREFORE, Plaintiff demands judgment as hereafter set forth.

25

26                          VI.    THIRD CAUSE OF ACTION
                            (Negligent Hiring, Supervision and Retention)
27      (Against Defendants Fresno City College, SCCCD and/or DOES 1 through 20, inclusive)

28      63.    Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., STE. 209
DOWNEY, CA 90241

1    herein, the allegations contained in paragraphs 1 through 62.

2        64.    Defendants Fresno City College and SCCCD hired Defendant Hentzler.

3        65.    Defendant Hentzler was unfit to perform the work for which he was hired because

4    he preyed on students and sexually harassed them.

5        66.    Defendants Fresno City College and SCCCD knew or should have known that

6    Defendant Hentzler was and/or became unfit and his unfitness created a particular risk to

7    students.

8        67.    Defendant Hentzler's unfitness harmed Plaintiff by subjecting Plaintiff to sexual

9    harassment and retaliation.

10       68.    Defendant Fresno City College and SCCCD's negligence in retaining Defendant

11   Hentzler was a substantial factor in causing Plaintiff's harm.

12       69.    In doing the acts described herein, Hentzler and/or DOES 21 to 30, inclusive,

13   negligently, carelessly and unlawfully acted in such a manner that severe injuries were caused to

14   Plaintiff.

15       70.    At all times mentioned herein, Plaintiff had the expectation that she would be safe

16   and secure at Fresno City College, that she would not be sexually harassed and retaliated against,

17   and that she would be able to use the classrooms as required, while a student at Fresno City

18   College.

19       71.    Hentzler and/or DOES 21 to 30, inclusive, owed a duty of care to Plaintiff to

20   refrain from committing any acts that would harm Plaintiff. Hentzler and/or DOES 21 to 30,

21   inclusive, had a duty to not sexually harass and retaliate against Plaintiff.

22       72.    Hentzler and/or DOES 21 to 30, inclusive, owed a duty of care to Plaintiff to

23   allow her to use the classrooms and campus freely, without fear of coercion, duress, intimidation

24   and sexual harassment.

25       73.    Hentzler and/or DOES 21 to 30, inclusive, owed a duty of care to Plaintiff to

26   maintain and enforce those rules and regulations necessary for the protection of Plaintiff pursuant

27   to *Education* Code § 44807.

28       74.    Hentzler and/or DOES 21 to 30, inclusive, breached such duties of care in that

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD. SUITE 209
DOWNEY, CA 90241

-16-
COMPLAINT FOR DAMAGES

1    they sexually harassed and retaliated against Plaintiff at Fresno City College.

2        75.    Hentzler and/or DOES 21 to 30, inclusive, breached such duties when he

3    propositioned Plaintiff for sex and thereafter, retaliated against her for not accepting his sexual

4    advances.

5        76.    Government Code §820(a) provides that "Except as otherwise provided by statute

6    (including Section 820.2), a public employee is liable for injury caused by his act or omission to

7    the same extent as a private person."

8        77.    In doing the acts complained of herein, Hentzler and/or DOES 21 to 30, inclusive,

9    violated certain provisions of the California Penal Code, which prohibit, inter alia, sexual conduct

10   between a teacher and student, including, but not limited to: *Civil Code* section 51.9(a)(1)(E).

11       78.    The injuries suffered by Plaintiff as set forth herein are precisely the type of

12   injuries which the aforementioned statutes and regulations are designed to prevent; i.e. to protect

13   and to prevent injuries to individuals in a professional relationship.

14       79.    Such conduct by Hentzler and/or DOES 21 to 30, inclusive, was despicable and

15   exhibited a willful and conscious disregard for the safety of Plaintiff. Such conduct was so

16   dangerous and unreasonable that they knew, or should have known, that their conduct would

17   result in harm to Plaintiff.

18       80.    The breach of the above-mentioned duties by Hentzler and/or DOES 21 to 30,

19   inclusive, was the direct and proximate cause of Plaintiff's severe emotional injuries.

20       81.    As a direct and proximate result of such negligent and wrongful conduct by

21   Hentzler and/or DOES 21 to 30, inclusive, Plaintiff has suffered and continues to suffer pain,

22   discomfort, anxiety, extreme emotional distress, embarrassment, humiliation, depression, shock

23   and injury as well as losses in medical expenses, future medical expenses and other damages, all

24   in an amount according to proof and in excess of the minimum jurisdictional requirements of this

25   Court. If the Court requires, Plaintiff shall seek leave of Court to amend this complaint with the

26   exact amount of her damages when the same has been ascertained.

27       82.    Defendants' wrongful conduct toward Plaintiff's was despicable, and subjected

28   Plaintiff to cruel and unjust hardship, as herein alleged, in conscious disregard of Plaintiff's

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-17-
COMPLAINT FOR DAMAGES

1  rights, thereby constituting oppression as defined by *Civil Code* section 3294.

2      83.    The aforementioned conduct of Defendants was conducted in an oppressive

3  manner, thereby justifying an award of exemplary and punitive damages.

4      84.    The damages caused by Defendants are well in excess of the minimum subject

5  matter jurisdictional amount of this Court and will be demonstrated according to proof.

6      WHEREFORE, Plaintiff demands judgment as hereafter set forth.

7

8              **VII.    FOURTH CAUSE OF ACTION**
                        (Vicarious Liability)
9  (Against Fresno City College, SCCCD and/or DOES 1 to 20, inclusive)

10     85.    Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth

11  herein, the allegations contained in paragraphs 1 through 84.

12     86.    An employer is responsible for harm caused by the wrongful conduct of its

13  employees while acting within the scope of their employment.

14     87.    Plaintiff was harmed by Hentzler's acts including sexual harassment and

15  retaliation against the Plaintiff.

16     88.    Plaintiff also claims Fresno City College, SCCCD and DOES 1 through 20

17  ("EMPLOYERS") are responsible for the harm because Hentzler was acting as EMPLOYERS'

18  employee when the incident occurred.

19     89.    Hentzler was acting within the scope of his employment because instructing one

20  or more classes and spending time with students for school-related activities is reasonably related

21  to the kinds of tasks that Hentzler was employed to perform for his EMPLOYERS. Further,

22  instructing one or more classes and spending time with students for school-related activities is

23  reasonably foreseeable in light of the EMPLOYERS' business or Hentzler's job responsibilities

24  as a college professor.

25     90.    The acts and/or omissions of Defendants, and each of them, caused Plaintiff to

26  suffer harm and economic damages, for the cost of psychological and/or psychiatric treatment,

27  and Plaintiff is informed and believes that she may incur damages in the future for the cost of

28  future care, in amounts according to proof at trial.

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

91.    Defendants' wrongful conduct toward Plaintiff was despicable, and subjected Plaintiff to cruel and unjust hardship, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

92.    The aforementioned conduct of Defendants was conducted in an oppressive manner, thereby justifying an award of exemplary and punitive damages.

93.    The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court, and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

### VIII.    FIFTH CAUSE OF ACTION
(Harassment in Educational Institution)
(Against All Defendants)

94.    Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 93.

95.    Plaintiff suffered harassment that was so severe, pervasive, and offensive that it effectively deprived her of the right of equal access to educational benefits and opportunities.

96.    Defendants have actual knowledge of that harassment.

97.    Defendants acted with deliberate indifference in the face of that knowledge.

98.    The acts and/or omissions of Defendants, and each of them, caused Plaintiff to suffer harm and economic damages, for the cost of psychological and/or psychiatric treatment, and Plaintiff is informed and believes that she may incur damages in the future for the cost of future care, in amounts according to proof at trial.

99.    Defendants' harassment of Plaintiff and/or failure to prevent harassment against Plaintiff was done intentionally, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in that it was carried on by Defendants with a willful and conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

100.    Defendants' harassment of Plaintiff and/or failure to prevent harassment against Plaintiff was despicable, and subjected Plaintiff to cruel and unjust hardship, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code*

COMPLAINT FOR DAMAGES

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1    section 3294.

2        101.    The aforementioned conduct of Defendants was conducted in a malicious and

3    oppressive manner, thereby justifying an award of exemplary and punitive damages.

4        102.    The damages caused by Defendants are well in excess of the minimum subject

5    matter jurisdictional amount of this Court, and will be demonstrated according to proof.

6        WHEREFORE, Plaintiff demands judgment as hereafter set forth.

7

8                    IX.    SIXTH CAUSE OF ACTION
                    (Teacher Student Harassment Under Title IX)
9                          (Against All Defendants)

10       103.    Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth

11    herein, the allegations contained in paragraphs 1 through 102.

12   **A. TEACHER-STUDENT HARASSMENT UNDER TITLE IX:**

13       104.    In the context of sexual harassment of a student by a teacher, a school may be

14    held liable under Title IX for the sexual harassment of a student by a teacher where an appropriate

15    person has actual knowledge of the sexual harassment and fails to adequately respond such that

16    the response amounts to deliberate indifference to the harassment. (Gebser v. Lago Vista

17    Independent School Dist., (1998) 524 U.S. 274, 290.)

18       105.    Plaintiff believes, and based thereon alleges, that she reported Defendant

19    Hentzler's inappropriate sexual harassment to Loraine Smith (hereafter "Smith"), an appropriate

20    person in that Smith was an official and Smith had authority to take corrective action to end the

21    sexual harassment and retaliation.

22       106.    Therefore, Plaintiff believes, and based thereon alleges, that Defendants Fresno

23    City College and SCCCD were aware of Hentzler's sexual harassment and retaliation but failed to

24    do anything to prevent the misconduct, evidencing a deliberate indifference to the sexual

25    harassment and retaliation faced by Plaintiff at the hands of Hentzler.

26       107.    Plaintiff suffered harassment that was so severe, pervasive, and offensive that it

27    effectively deprived her of the right of equal access to educational benefits and opportunities.

28       108.    Defendants has actual knowledge of that harassment, being that Plaintiff

LAW OFFICES OF GAVRIL T. GABRIEL
8225 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1    complained to Defendant Fresno City College's agent, Smith.

2        109.   Defendants acted with deliberate indifference in the face of that knowledge.

3    Plaintiff is informed and believes that no investigation took place following her complaint of

4    Hentzler's conduct.

5    **B. RETALIATION UNDER TITLE IX:**

6        110.   Plaintiff protested and opposed sexual harassment when she denied Defendant

7    Hentzler's sexual advances. Furthermore, Plaintiff protested and opposed Defendant Hentzler's

8    harassment when she complained to Smith about the sexual harassment.

9        111.   After Plaintiff complained to Smith about the sexual harassment at the hands of

10    Defendant Hentzler, Defendant Hentzler required that Plaintiff pay for poinsettia plants while

11    everyone else received the plants for free. yelled at Plaintiff in front of the entire class, and

12    embarrassed Plaintiff by commenting on Plaintiff's weight in front of the entire class.

13        112.   But for Plaintiff's complaint to Smith, Defendant Hentzler would not have

14    participated in such adverse actions.

15        113.   Defendants' harassment and retaliation of Plaintiff and/or failure to prevent

16    harassment and retaliation against Plaintiff as well as indifference toward Plaintiff's complaint of

17    improper conduct was done intentionally, so as to cause injury to Plaintiff. Further, Defendants'

18    conduct was despicable in that it was carried on by Defendants with a willful and conscious

19    disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code*

20    section 3294.

21        114.   Defendants' harassment and retaliation of Plaintiff and/or failure to prevent

22    harassment and retaliation against Plaintiff as well as indifference toward Plaintiff's complaint of

23    improper conduct was despicable, and subjected Plaintiff to cruel and unjust hardship. as herein

24    alleged. in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by

25    *Civil Code* section 3294.

26        115.   The aforementioned conduct of Defendants was conducted in a malicious and

27    oppressive manner, thereby justifying an award of exemplary and punitive damages.

28        116.   The damages caused by Defendants are well in excess of the minimum subject

LAW OFFICES OF GABRIEL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-21-

COMPLAINT FOR DAMAGES

1    matter jurisdictional amount of this Court, and will be demonstrated according to proof.

2           WHEREFORE, Plaintiff demands judgment as hereafter set forth.

3                      **PRAYER**

4    **WHEREFORE, PLAINTIFF PRAYS AS FOLLOWS:**

5    <u>ON THE FIRST CAUSE OF ACTION:</u>

6       1. For general damages;

7       2. For special damages;

8       3. For costs of suit incurred herein;

9       4. For punitive and/or exemplary damages; and

10      5. For any other and further relief as the Court deems just and proper.

11    <u>ON THE SECOND CAUSE OF ACTION:</u>

12      1. For general damages;

13      2. For special damages;

14      3. For costs of suit incurred herein; and

15      4. For any other and further relief as the Court deems just and proper.

16    <u>ON THE THIRD CAUSE OF ACTION:</u>

17      1. For general damages;

18      2. For special damages;

19      3. For costs of suit incurred herein; and

20      4. For any other and further relief as the Court deems just and proper.

21    <u>ON THE FOURTH CAUSE OF ACTION:</u>

22    1.    For general damages;

23    2.    For special damages;

24    3.    For costs of suit incurred herein;

25    4.    For punitive and/or exemplary damages; and

26    5.    For any other and further relief as the Court deems just and proper.

27    <u>ON THE FIFTH CAUSE OF ACTION:</u>

28    1.    For general damages;

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

**COMPLAINT FOR DAMAGES**

2.    For special damages;

3.    For costs of suit incurred herein;

4.    For punitive and/or exemplary damages; and

5.    For any other and further relief as the Court deems just and proper.

ON THE SIXTH CAUSE OF ACTION:

1.    For general damages;

2.    For special damages;

3.    For costs of suit incurred herein;

4.    For punitive and/or exemplary damages; and

5.    For any other and further relief as the Court deems just and proper.

DATED: September 30, 2019        LAW OFFICES OF GAVRIL T. GABRIEL

By: _____

Gavril T. Gabriel
Tiara Gose
Benjamin Eghbali
Attorneys for PLAINTIFF,
CRYSTAL RICHARDSON-BASS

COMPLAINT FOR DAMAGES

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

## DEMAND FOR JURY TRIAL

NOTICE IS HEREBY GIVEN that Plaintiff, CRYSTAL RICHARDSON-BASS, hereby demands trial by jury in the above-entitled matter.

DATED: September 30 , 2019            LAW OFFICES OF GAVRIL T. GABRIEL

                                      By: _____
                                          Gavril T. Gabriel
                                          Tiara Gose
                                          Benjamin Eghbali
                                          Attorneys for PLAINTIFF,
                                          CRYSTAL RICHARDSON-BASS

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-24-
**COMPLAINT FOR DAMAGES**

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

# EXHIBIT "A"

EXHIBIT "A" ATTACHED TO COMPLAINT

Print                                                                                    Page 1 of 3

Subject:   Fw: SUBMITTED COMPLAINT

From:      Crystal Bass (cicibass@yahoo.com)

To:        virginia.quezada@dor.ca.gov;

Date:      Thursday, December 13, 2018 12:53 PM

On Tuesday, December 11, 2018 10:28 AM, "no_reply@cccco.edu" <no_reply@cccco.edu> wrote:

| I have read and understand the Complaint Process Notice, as provided above. | YES |
|---|---|
| Complaint Category: | Other |
| Have you tried resolving the issue with the college and/or district? | NO |
| If you have tried to resolve the issue with the college or district, please provide the name of staff you have been working with: | I Have not tried to resolve this issue with the college / district due to a horrible experience regarding a previous attempt to resolve a dispute by talking with Dr Stephanie Crosby and Dean Sean Henderson |
| College and/or District: | Fresno City College |
| Relationship to College/District: | Student |
| Do you wish to remain ANONYMOUS for this complaint? | NO |
| Your Name: | Crystal Richardson-Bass |
| Your phone number: | 5592010962 |
| Your email: | cicibass@yahoo.com |
| Please provide ALL DETAILS regarding your complaint: | Earlier this semester. In early September. My Horticulture instructor, Jerry Hentzler asked me to sleep with him. I politely told him no and that I was not interested. I was afraid to report this to anyone because i did not want to be retaliated against by Jerry, Dr Crosby or Sean Henderson. I was already treated horribly by Dr. Crosby and Dean Henderson for a previous problem with an instructor, Jessica Fisher. They treated me as though i was lying about what had taken place. Crosby seemed to enjoy talking to me as though i was some sort of trouble making degenerate that did not deserve the benefit of the doubt. I though that if i just treated Jerry as though he never said anything sexual to me then the situation would just go away. I was wrong. Jerry has gone out of his way to humiliate me and make me feel low since i declined his sexual advance. The most recent incident took place on 12/10/2018 during class. A classmate told me Jerry had given a total of 6 poinsetta plants to 2 of his aides and one |

student. he gave them these plants for free as a thank you for them coming to volunteer at the Fresno City College Craft Fair on Dec 1 2018. He also bought them lunch that afternoon. I volunteered that day as well. I was the first one there at 8:30am and I left shortly after 2pm. Jerry did not buy me lunch and he was going to make me pay for my poinsetta plants. So on 12/10/18 I was giving Jerry $20 for a different set of plants that i was purchasing. I politely questioned him about why he was making me pay for my poinsettas when he gave the other volunteers their plants for free. He became very angry and shouted "WHATS WRONG WITH YOU!" The entire class got quiet and just stared at us. I was so humiliated I just grabbed my backpack and left class. I did not know what else to do. On another occasion Jerry brought apple cider and doughnuts to class. I had got to class late so I missed out on getting doughnuts. I tried to joke with Jerry and I said " hey Jerry i got some cider but I missed the doughnuts" Jerry said, "thats ok you dont need any anyway". Once again he said this in front of the class. I felt humiliated and was embarrassed because i am already a little self conscious about my weight.

another incident that took place was: every year the students in the horticulture class get to enter a plant into the Big Fresno Fair. I won a first place blue ribbon for my plant. Every student that wins first place has there picture taken seperately with there plant. There picture is placed on a big poster board and the poster board is placed in the office for display. Jerry did not take a picture of me seperately. he instead used a previous group photo of me with other students and placed my photo on the bottom of the poster board. I asked Jerry why he did not take my picture seperately like everyone else and he said that he forgot. He told me i should have reminded him. I told Jerry I would not know to remind him, it wasmy first time taking his class. The poster board sat in our class for a week or two before he took it to the office, he could have corrected the problem at anytime, he chose not to. I felt unworthy. On another occasion the class took a trip to Sequoia National Park. After we toured the park we went to a picnic area to eat. There were only port-o-potties outside and no where to wash my hands. Jerry had about 4-5 cases of bottled water. I asked Jerry if i could have a bottled water so i could wash my hands. He did not answer me right away, i could tell he was thinking about what I had asked. I then offered to pay for the water that i was asking for. I was sitting at the table with a few other classmates when Jerry rudely said no you cant have a water because you did not buy a lunch.

These are some of the things that have transpired in this class. I thought that if i took the moral high ground and conducted myself with class and turned the other cheek that the issue of me not accepting Jerrys request to sleep with him would go away but it did not. I felt trapped. I was scared. I was on academic probation. I needed to pass his class. I did not know what to do. Throughout the semester often just before class would end Jerry would announce that he had to go and have a meeting with his boss (Dr. Crosby. It seemed like shortly after these

meetings he would do these things in an attempt to get under my skin and cause me to react in a way that would get me kicked out of his class. I cant prove it but I feel like due to the nature of my complaint against Jessica Fisher and the false e-mail that she created. Dr Crosby is going out of her way trying to "pull strings" so to speak to create situations to get me to react in a way that will discredit me and ruin my reputation. This has been the absolute worst year for me at Fresno City College.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD. SUITE 209
DOWNEY, CA 90241

# EXHIBIT "B"

EXHIBIT "B" ATTACHED TO COMPLAINT

Print

Subject:    SUBMITTED COMPLAINT

From:    no_reply@cccco.edu (no_reply@cccco.edu)

To:    no_reply@cccco.edu;

Cc:    cicibass@yahoo.com;

Date:    Thursday, December 13, 2018 1:39 PM

| | |
|---|---|
| I have read and understand the Complaint Process Notice, as provided above. | YES |
| Complaint Category: | Fraud and Abuse<br>Health and Safety<br>Other |
| Have you tried resolving the issue with the college and/or district? | YES |
| If you have tried to resolve the issue with the college or district, please provide the name of staff you have been working with: | Lorraine M. Smith-Dean of Instruction |
| College and/or District: | Fresno City College |
| Relationship to College/District: | Student |
| Do you wish to remain ANONYMOUS for this complaint? | NO |
| Your Name: | Crystal Richardson Bass |
| Your phone number: | 5592010962 |
| Your email: | cicibass@yahoo.com |
| Please provide ALL DETAILS regarding your complaint: | On 12/11/2018 I got up enough courage to go out on campus counseling center and speak to someone about my instructor asking me to sleep with him. The person I was speaking to sent me to go and see Lorraine M. Smith the Dean of Instructions so that I could file a complaint. I was explaining my ordeal to Lorraine when she stopped me in mid conversation to ask me, when did it happen, what day, what time, and if Jerry ever asked me to sleep with him again or did he just ask once. I told her it was in September around the second week of school. It was during the morning because I was the first one in class, because I was excited to be there. I began to ask the instructor all kinds of questions regarding what we were going to learn about, when he interrupted me and asked me, "Do you want to sleep together". Lorraine told me that was not considered sexual harassment. I explained to her that I felt I was sexually harassed. I was asked for sex by my instructor and I also let her know that I felt because I denied to sleep with him, he took it out on me throughout the semester by |

humiliating me in class with some of the things that
he was doing. Loraine let me know that although
this was unfortunate behavior on my instructors part.
it has nothing to do with sexual harassment because
I had not been sexually harassed in the first place.
Lorraine then gave me a six page paper : Title IX
The process, Your Rights & Resources. She then
sarcastically told me, "you know I'm going to talk to
Jerry about this". I told her that's good. great.
I felt real low when I left her office. I was frustrated. I
was upset. I felt like I did not matter

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

# EXHIBIT "C"

EXHIBIT "C" ATTACHED TO COMPLAINT

STATE OF CALIFORNIA
**GOVERNMENT CLAIM**
DGS ORIM 006 (Rev 10/2018)

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

## CLAIMANT INFORMATION

| LAST NAME | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| RICHARDSON-BASS | CRYSTAL | C |

| INMATE OR PATIENT IDENTIFICATION NUMBER (if applicable) | BUSINESS NAME (if applicable) | |
|---|---|---|
| | | |

| TELEPHONE NUMBER | EMAIL ADDRESS | | |
|---|---|---|---|
| 559-201-0962 | CICIBASS@YAHOO.COM | | |

| MAILING ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 5218 E. LYELL AVE APT 104 | FRESNO | CALIFORNIA | 93727 |

| IS THE CLAIMANT UNDER 18 YEARS OF AGE? | INSURED NAME (Insurance Company Subrogation) | |
|---|---|---|
| ☐ Yes   ☑ No | | |

| IS THIS AN AMENDMENT TO A PREVIOUSLY EXISTING CLAIM? | EXISTING CLAIM NUMBER (if applicable) | EXISTING CLAIMANT NAME (if applicable) |
|---|---|---|
| ☐ Yes   ☑ No | | |

## ATTORNEY OR REPRESENTATIVE INFORMATION

| LAST NAME | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| | | |

| TELEPHONE NUMBER | EMAIL ADDRESS | |
|---|---|---|
| | | |

| MAILING ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | | | |

## CLAIM INFORMATION

| STATE AGENCIES OR EMPLOYEES AGAINST WHOM THE CLAIM IS FILED | DATE OF INCIDENT |
|---|---|
| FRESNO CITY COLLEGE-- PROFESSOR JERRY HENTZLER | 8-2018 |

LATE CLAIM EXPLANATION (Required, if incident was more than six months ago)

| DOLLAR AMOUNT OF CLAIM | CIVIL CASE TYPE (Required, if amount is more than $10,000) |
|---|---|
| $500,000.00 | ☐ Limited ($25,000 or less)   ☑ Non-Limited (over $25,000) |

DOLLAR AMOUNT EXPLANATION

INCIDENT LOCATION
FRESNO CITY COLLEGE CAMPUS HORTICULTURE CLASSROOM

SPECIFIC DAMAGE OR INJURY DESCRIPTION

PAIN AND SUFFERING, DEPRESSION

CIRCUMSTANCES THAT LED TO DAMAGE OR INJURY
SEXUAL HARRASSMENT, DISCRIMINATION, RETALIATION, HOSTILE LEARNING ENVIRONMENT

EXPLAIN WHY YOU BELIEVE THE STATE IS RESPONSIBLE FOR THE DAMAGE OR INJURY
COLLEGE PROFFESSOR MADE AN UNWANTED SEXUAL REQUEST, THEN MISTREATED STUDENT WHEN STUDENT REFUSED
DEAN OF INSTRUCTION REFUSED TO ALLOW STUDENT TO FILE A COMPLAINT AGAINST THE PROFFESSOR

STATE OF CALIFORNIA
**GOVERNMENT CLAIM**
DGS ORIM 006 (Rev. 10/2018)

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

**AUTOMOBILE CLAIM INFORMATION**

| DOES THE CLAIM INVOLVE A STATE VEHICLE? | VEHICLE LICENSE NUMBER (if known) | STATE DRIVER NAME (if known) |
|---|---|---|
| ☐ Yes  ☑ No | | |
| **HAS A CLAIM BEEN FILED WITH YOUR INSURANCE CARRIER?** | INSURANCE CARRIER NAME | INSURANCE CLAIM NUMBER |
| ☐ Yes  ☑ No | | |
| **HAVE YOU RECEIVED AN INSURANCE PAYMENT FOR THIS DAMAGE OR INJURY?** | AMOUNT RECEIVED (if any) | AMOUNT OF DEDUCTIBLE (if any) |
| ☐ Yes  ☑ No | | 0 |

**NOTICE AND SIGNATURE**

I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

| SIGNATURE | PRINTED NAME | DATE |
|---|---|---|
| *[signature]* | CRYSTAL RICHARDSON-BASS | 1/29/2018 |

**INSTRUCTIONS**

- Include a check or money order for $25, payable to the State of California.
  - $25 filing fee is not required for amendments to existing claims.
- Confirm all sections relating to this claim are complete and the form is signed.
- Attach copies of any documentation that supports your claim. Do not submit originals.

Mail the claim form and all attachments to:
Office of Risk and Insurance Management
Government Claims Program
P.O. Box 989052, MS 414
West Sacramento, CA 95798-9052

Claim forms can also be delivered to:
Office of Risk and Insurance Management
Government Claims Program
707 3rd Street, 1st Floor
West Sacramento, CA 95605
1-800-955-0045

**Department of General Services Privacy Notice on Information Collection**

This notice is provided pursuant to the Information Practices Act of 1977, California Civil Code Sections 1798.17 & 1798.24 and the Federal Privacy Act (Public Law 93-579).

The Department of General Services (DGS), Office of Risk and Insurance Management (ORIM), is requesting the information specified on this form pursuant to Government Code Section 905.2 (c).

The principal purpose for requesting this data is to process claims against the state. The information provided will/may be disclosed to a person, or to another agency where the transfer is necessary for the transferee agency to perform its constitutional or statutory duties, and the use is compatible with a purpose for which the information was collected and the use or transfer is accounted for in accordance with California Civil Code Section 1798.25.

Individuals should not provide personal information that is not requested.

The submission of all information requested is mandatory unless otherwise noted. If you fail to provide the information requested to DGS, or if the information provided is deemed incomplete or unreadable, this may result in a delay in processing.

**Department Privacy Policy**
The information collected by DGS is subject to the limitations in the Information Practices Act of 1977 and state policy (see State Administrative Manual 5310 5310.7). For more information on how we care for your personal information, please read the DGS Privacy Policy

**Access to Your Information**
ORIM is responsible for maintaining collected records and retaining them for 5 years. You have a right to access records containing personal information maintained by the state entity. To request access, contact:

**DGS ORIM**
**Public Records Officer**
707 3rd St., West Sacramento, CA 95605
(916) 376-5300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

# EXHIBIT "D"

EXHIBIT "D" ATTACHED TO COMPLAINT

 

City of
**FRESNO**

**CLAIM FOR DAMAGES**



RECEIVED

10:28 AM
FEB 1 2 2019

CITY OF FRESNO
Personnel Services Department
OFFICIAL USE ONLY

**OFFICIAL USE ONLY**

NOTE: A claim relating to a cause of action for death or for injury to person or to personal property or grown crops shall be presented not later than six (6) months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented not later than one (1) year after the accrual of the cause of action. (Refer to California Government Code Section 911 2)

INSTRUCTIONS: Deliver or mail the completed claim form to City of Fresno, Risk Management, 2600 Fresno Street, Room 1030, Fresno, CA 93721-3612. Retain the pink copy for your records. Sign and date all attachments to the claim form.

| Name of Claimant (Injured or Damaged Party) Crystal Richardson-Bass | | Birthdate of Claimant 08/25/1964 |
|---|---|---|
| Home Address of Claimant 5218 E Lyell Ave Apt 104 | City/State/Zip Code Fresno, Ca. 93727 | Home Telephone Number 559-351-7102 |
| Business Address of Claimant | City/State/Zip Code | Business Telephone Number |
| Social Security Number of Claimant 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 | | CA Drivers License Number A1110733 |
| Name of Person to whom any Notices concerning Claim should be sent (If different from above) | | Relationship to Claimant Self |
| Address of Person to whom any Notices concerning Claim should be sent (If different from above) | | Telephone Number |
| When did Injury, Damage or Loss occur? (Date and Time) 08/13/2018        7:40 am | | Police Report Number |

Where did Injury, Damage or Loss occur? (Location Name, Street Address, Intersecting Streets, etc.)

Fresno City College (Horticulture Classroom) 1101 E University Ave, Fresno, CA 93741

How did Injury, Damage or Loss occur? (Provide full details - Use separate sheets, if necessary)

Sexual Harrassment

What did City or City Employee(s) do to cause the Injury, Damage or Loss? What are the name(s) of City Employee(s) who caused the Injury, Damage or Loss (If known)?

Horticulture Proffessor, Jerry Hentzler, asked me to sleep with him. When I refused, he retaliated by harrassing and humiliating me throughout the semester.

Describe the Injury, Damage or Loss claimed. (Provide full details - Attach any medical records and use separate sheets, if necessary.)

Anxiety. Depression. Anger. Frustration.

What is the amount of Injury, Damage or Loss claimed, including the estimated amount of any future Injury, Damage or Loss. (Itemize and attach medical bills, property damage estimates, etc.-Use separate sheets, if necessary). If the amount claimed exceeds $10,000.00, no dollar amount shall be included. However, you shall indicate whether the claim would be a limited civil case. (Refer to California Government Code Section 910[f])

Name, Address & Telephone Number of Witness(es). Doctor(s) and/or Hospital(s). (Use separate sheets, if necessary).

| Signature of Claimant or Person acting on Claimant's behalf | Date 2/11/2018 |
|---|---|

PRESENTATION OF A FALSE OR FRAUDULENT CLAIM IS A FELONY (Refer to California Penal Code Section 72)        SF3164 (09/13)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

# EXHIBIT "E"

EXHIBIT "E" ATTACHED TO COMPLAINT



**FRESNO**

Personnel Services Department

Jeffrey T. Cardell

February 19, 2019

Crystal Richardson-Bass
5215 E Lyell Ave Apt 104
Fresno CA 93727

Re:    NOTICE OF REJECTION OF CLAIM

CLAIMANT          Crystal Richardson-Bass
DATE OF LOSS      8/13/2018
LOCATION OF LOSS  Fresno City College
CITY FILE NUMBER  RM2018039487

Dear Ms. Richardson-Bass:

Notice is hereby given that the claim you presented to the City of Fresno on 2/12/2019 was rejected on 2/19/2019.

## WARNING

You have, subject to certain exceptions, only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See California Government Code § 945.6  **NOTE:** This six (6) month filing period applies only to State Court actions. If your action is based upon Federal Law and/or you intend to file in Federal Court, a shorter or longer period within to file the action may apply.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Very truly yours,

Russ Huerang
Lead Risk Analyst
559  621-6897 Direct Line

# Exhibit B

1    MARIA M. LAMPASONA, SBN 259675
     lampasona@rankinlaw.com
2    DAMON THURSTON, SBN 186861
     thurston@rankinlaw.com
3    RANKIN, SHUEY, RANUCCI, MINTZ,
     LAMPASONA & REYNOLDS
4    2030 Franklin Street, Sixth Floor
     Oakland, CA 94612
5    Telephone Number: (510) 433-2600
     Facsimile Numbers: (510) 433-2699 and (510) 452-3006
6
     Attorneys for Defendant
7    STATE CENTER COMMUNITY COLLEGE
     DISTRICT (erroneously also sued herein as "FRESNO
8    CITY COLLEGE")

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF FRESNO

12

13   CRYSTAL RICHARDSON-BASS, an        Case No. 19CECG03557
     individual,
14                                      **NOTICE OF REMOVAL TO FEDERAL
                  Plaintiff,            COURT**
15
           v.
16
     FRESNO CITY COLLEGE, a Public
17   Entity; STATE CENTER COMMUNITY     Action Filed:   August 26, 2019
     COLLEGE DISTRICT, a Public Entity; Trial Date:     None Set
18   JERRY HERTZLER, an individual; and
     DOES 1 through 30,
19
                  Defendants.
20

21        TO THE COURT AND PLAINTIFF AND HER ATTORNEYS OF RECORD:

22        NOTICE IS HEREBY GIVEN that Defendant STATE CENTER COMMUNITY

23   COLLEGE DISTRICT (erroneously also sued herein as "FRESNO CITY COLLEGE")

24   (hereinafter "Defendant") in the above-captioned action has filed a Notice of Removal of the

25   above-captioned action, *a copy of which is attached hereto as **Exhibit 1***, with the United States

26   District Court for the Eastern District of California.

27        PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(b), the filing of

28   said Notice in the United States District Court, together with the filing of said Notice with this

     31360-46981                        1

1    Court, effects the removal of this action and the above-captioned Court may proceed no further

2    unless and until the case has been remanded.

3

4    Dated: November 1, 2019                    RANKIN, SHUEY, RANUCCI, MINTZ,
                                                LAMPASONA & REYNOLDS
5

6

7                                               By:
                                                    MARIA M. LAMPASONA
8                                                   Attorneys for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RANKIN, SHUEY, RANUCCI, MINTZ,
LAMPASONA & REYNOLDS
2030 Franklin Street, Sixth Floor
Oakland, CA 94612