# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CRYSTAL RICHARDSON-BASS, an individual,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FRESNO CITY COLLEGE, a Public Entity; STATE CENTER COMMUNITY COLLEGE DISTRICT, a Public Entity; JERRY HENTZLER, an individual; and DOES 1 through 30, inclusive,**<br><br>**Defendants.** | **CASE NO. 1:19-cv-01566-AWI-SAB**<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(Doc. No. 26) |

Plaintiff Crystal Richardson-Bass filed this lawsuit with allegations of sexual harassment and retaliation against one of her college teachers. The teacher is Defendant Jerry Hentzler. The college is Defendant Fresno City College. The public entity that operates and controls the College is Defendant State Center Community College District ("SCCCD"). The Court previously dismissed Plaintiff's state law claims based on her failure to comply with the claim presentation requirement of the California Government Claims Act. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants now move to dismiss the amended claims on the same ground. For the following reasons, the Court will grant Defendants' motion without leave to amend.

## RULE 12(b)(6) STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar,

646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121−22 (9th Cir. 2008).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015) (quoted source omitted); Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008).  But the Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'"  Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoted source omitted).  Complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Fed. Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015).  Rather, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).  If a motion to dismiss is granted, "a district court should grant leave to amend even if no request to amend the pleading was made."  Ebner v. Fresh, Inc., 838 F.3d 958, 962 (9th Cir. 2016) (quoted source omitted).  Leave need not be granted, however, if amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities.  Garmon v. County of Los Angeles, 828 F.3d 837, 842 (9th Cir. 2016).

**BACKGROUND**

A.   **Procedural posture**

Plaintiff originally filed her lawsuit in California state court.  Doc. No. 1 at 5.  Defendants removed the action and then moved to dismiss on numerous grounds.  Amongst those grounds, Defendants sought dismissal of Plaintiff's state law claims because of her failure to comply with the claim presentation requirement of the California Government Claims Act, Cal. Gov't Code § 810 et seq.  Doc. Nos. 1 & 9.  The Court granted that part of Defendants' motion.  Doc. No. 24.  In doing so, the Court dismissed the following four claims for relief:  (1) intentional infliction of emotional

distress against Hentzler; (2) negligent hiring, supervision, and retention against the College and SCCCD; (3) vicarious liability against the College and SCCCD; and (4) harassment in an educational institution against Hentzler, the College, and SCCCD. Id. at 10−16. The Court dismissed these claims without prejudice, noting that although curative amendment may not be possible the parties had not directly addressed the issue in their briefing. Id. at 16 n.3.

Thereafter, Plaintiff amended her complaint, and again alleges the same four state law claims.[1] Doc. No. 25 ("FAC"). Defendants then moved to dismiss these claims.[2] Doc. No. 26.

### B. Factual allegations[3]

On December 11, 2018, Plaintiff filed a complaint with the California Community College Chancellor's Office. FAC, ¶ 10. On December 13, 2018, Plaintiff filed a second complaint "regarding the indifference of school representative Lorraine M. Smith upon receiving Plaintiff's complaint of sexual harassment." FAC, ¶ 15. On December 18, 2018, the Chancellor's Office forwarded these complaints to SCCCD. FAC, ¶ 11.[4] In February 2019, an SCCCD investigator conducted a telephonic interview with Plaintiff, for which counsel was present for both Plaintiff and SCCCD. FAC, ¶ 12. During this call, Plaintiff's attorney "made clear" that "Plaintiff was requesting monetary damages for the harassment she had been subjected to and that she was prepared to file a lawsuit against SCCCD and go to trial." FAC, ¶ 12. SCCCD's attorney expressed that he understood Plaintiff's intentions and the purpose of her complaints. FAC, ¶ 12. On March 15, 2019, SCCCD sent Plaintiff a letter to request an extension for its response to her

---

[1] In amending her complaint, Plaintiff modified her harassment claim such that its allegations newly refer to the Unruh Civil Rights Act, Cal. Civil Code § 51.9. Because the claim still arises from California law (as it did in the original complaint)—and is therefore subject to the claim presentation provisions discussed below—this distinction is without a difference for purposes of this order.

[2] Defendants have not moved to dismiss the fifth and final cause of action in Plaintiff's amended complaint for teacher-student harassment under Title IX against the College and SCCCD.

[3] The following factual allegations drawn from the amended complaint are those that are relevant for resolving Defendants' motion. The Court construes these factual allegations as true. See Mollett, 795 F.3d at 1065.

[4] Plaintiff references a third complaint that was submitted on December 10, 2018, and also transferred from the Chancellor's Office to SCCCD on December 18, 2018. FAC, ¶ 11. An exhibit to the amended pleading supports this allegation, but also shows that the third complaint is not related to Plaintiff's claims in this lawsuit. FAC at 29–30 (Ex. B).

"Unlawful Harassment Complaint." FAC, ¶ 13. SCCCD sent this letter by email and mail. FAC, ¶ 13. The letter stated, in part, "By copy of this letter sent to the address provided by the complainant on the complaint form . . . ." FAC, ¶ 13. On April 15, 2019, Plaintiff received a letter from SCCCD at her home address informing her that, as a result of the investigation, her allegations of unlawful harassment and retaliation had not been sustained. FAC, ¶ 14.

## **DISCUSSION**

Defendants move to dismiss all four of Plaintiff's state law claims on the ground that she did not allege facts in her amended complaint that demonstrate she complied with the claim presentation requirement of the California Government Claims Act. Defendants challenge Plaintiff's claims in two ways: First, Defendants argue that Plaintiff never filed a written claim with SCCCD as required under California Government Code § 945.4. Second, Defendants contend that even if she filed a written claim, Plaintiff failed to comply with the mandatory claim content requirements under California Government Code § 910. Plaintiff contests both theories.

### A.      California Government Code § 945.4

The Government Claims Act pertains to private suits for money or damages filed against a public entity and is regulated by the statutes contained in division 3.6 of the California Government Code (§ 810 et seq.). DiCampli-Mintz v. County of Santa Clara, 55 Cal. 4th 983, 989 (2012). Before filing an action in court, a party must comply with certain procedural requirements under the Act. See City of Stockton v. Superior Court, 42 Cal. 4th 730, 737–38 (2007). Among these, California Government Code § 945.4 sets forth the Act's claim presentation requirement and reads in full as follows:

> Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division.

Cal. Gov't Code § 945.4. Filing a written claim consistent with this provision "is a condition

precedent to the maintenance of any cause of action against the public entity and is therefore an *element* that a plaintiff is required to prove in order to prevail." DiCampli-Mintz, 55 Cal. 4th at 990 (quoted source omitted); see also Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988) (indicating that compliance with the claim presentation requirement must be affirmatively alleged in federal court). Moreover, the claim presentation requirement must be satisfied even if the public entity has actual knowledge of the circumstances surrounding the claim. City of Stockton, 42 Cal. 4th at 738.

Defendants argue that Plaintiff failed to comply with § 945.4 because she never presented a written claim to SCCCD. Defendants acknowledge the complaints Plaintiff filed with the Chancellor's Office—i.e., her "administrative complaint"—but contend that evidence attached to the amended pleading reveals that Plaintiff's submission was an unlawful discrimination complaint subject to California regulations governing community colleges, not a government claim subject to the Government Claims Act. Defendants argue that treating Plaintiff's administrative complaint as a government claim would burden public entities in a manner that runs contrary to the strictly defined coverage of the Act. In opposition, Plaintiff contends that her administrative complaint constituted a written claim that satisfied the claim presentation requirement under § 945.4 regardless of whether it was also an unlawful discrimination complaint.

To Defendants' point, Plaintiff attached new exhibits to her amended pleading that indicate the complaints she filed with the Chancellor's Office were processed under regulations for implementing and enforcing unlawful discrimination laws across California community college districts. California Code of Regulations, title 5, §§ 59300 et seq. Namely, consistent with § 59329, the Chancellor's Office forwarded Plaintiff's filings to the appropriate community college district, SCCCD. FAC at 24 (Ex. B). The forwarding letter contains numerous citations to relevant regulations: SCCCD was informed of Plaintiff's complaint (§ 59328), and instructed to initiate an investigation if that complaint was found to have been properly made (§ 59334). If SCCCD determined the complaint was defective or did not allege discrimination based on a protected class, it needed to notify Plaintiff and the Chancellor's Office (§ 59332). Otherwise, SCCCD was to issue an administrative determination to Plaintiff within ninety days (§ 59336)

unless an extension request was made to the Chancellor's Office (§ 59342). Other exhibits to the amended pleading show SCCCD requested an extension to respond to Plaintiff's unlawful harassment complaint under § 59342 and issued an administrative determination on that complaint under § 59336.  FAC at 32 (Ex. C), 34–37 (Ex. D).

Even so, Defendants have not cited authority that dictates a written submission cannot constitute both an unlawful discrimination complaint under these regulations, *and* a government claim subject to the Government Claims Act. Nor will the Court read such a per se limitation into law.[5] Rather, the plain language of § 945.4 provides that the Act's claim presentation requirement is based on compliance with "Chapters 1 and 2 of Part 3" of the Act. It is these specific provisions, not the broad and delegating § 945.4, that must be used to determine whether a written claim has been properly presented for purposes of the Act. To this point, Defendants' second challenge goes to one of these specific provisions: namely, Defendants argue that Plaintiff's administrative complaint did not include the claim contents required under California Government Code § 910. If that is indeed the case, then it can be said that Plaintiff did not comply with the claim presentation requirement under § 945.4.

### B. California Government Code § 910

Section 910 of California Government Code provides that a properly presented claim "shall show all of the following" information:

(a) The name and post office address of the claimant.

(b) The post office address to which the person presenting the claim desires notices to be sent.

(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.

(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.

---

[5] California Government Code § 910.4 states that public entities "shall" provide claim forms and that claimants "shall" use those forms to comply with the Government Claims Act's claim presentation requirement, but this alone does not prohibit a completed form that is able to function as both an unlawful discrimination complaint and a government claim.  See Cal. Gov't Code § 910.4.

6

    (e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.

    (f) The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed.  If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim.  However, it shall indicate whether the claim would be a limited civil case.

Cal. Gov't Code § 910.

    "Where there has been an attempt to comply [with the requirements of § 910] but the compliance is defective, the test of substantial compliance controls." White v. Moreno Valley Unified Sch. Dist., 181 Cal. App. 3d 1024, 1031 (1986) (citations omitted); see also Olson v. Manhattan Beach Unified Sch. Dist., 17 Cal. App. 5th 1052, 1060–61 (2017); Gen. Sec. Servs. Corp. v. County of Fresno, 815 F. Supp. 2d 1123, 1133 (E.D. Cal. 2011).  "Under this test, the court must ask whether sufficient information is disclosed on the face of the filed claim 'to reasonably enable the public entity to make an adequate investigation of the merits of the claim and to settle it without the expense of a lawsuit.'" White, 181 Cal. App. 3d at 1031 (quoting City of San Jose v. Superior Court, 12 Cal. 3d 447, 456 (1974)); see also Gen. Sec. Servs., 815 F. Supp. 2d at 1133.  "Substantial compliance contemplates that there is at least some compliance with all of the statutory requirements." Del Real v. City of Riverside, 95 Cal. App. 4th 761, 769 (2002).  In other words, the doctrine of substantial compliance "cannot cure total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute." Sparks v. Kern Cty. Bd. of Supervisors, 173 Cal. App. 4th 794, 800 (2009); see also Gen. Sec. Servs., 815 F. Supp. 2d at 1133.

    The Court previously dismissed Plaintiff's state law claims after finding that, based on her complaint's allegations and attached exhibits, Plaintiff had not complied with subsections (a), (b), and (f).  Regarding subsections (a) and (b), the Court noted that Plaintiff did not dispute that she failed to include her post office address in her administrative complaint before rejecting her arguments that, notwithstanding this exclusion, she substantially complied with these provisions.  Regarding subsection (f), the Court found that Plaintiff's administrative complaint was silent as to an amount claimed as compensation for injuries or the prospect of litigation.  Defendants assert

7

1  that Plaintiff has not cured any of these issues in her amended pleading.

2  In opposition, Plaintiff points to her new allegation that, during the February 2019 interview, her attorney informed the investigator and SCCCD's attorney that she was requesting monetary damages and was prepared to initiate a lawsuit. Even if this verbal notice can constitute part of a written claim—a theory Defendants contest—neither this allegation nor evidence submitted along with the amended pleading suggest that Plaintiff's administrative complaint included the information required under § 910(f) as to an amount claimed or whether any prospective claim would be a limited civil case. This total omission of required information is enough to dismiss Plaintiff's claims. See Sparks, 173 Cal. App. 4th at 800; Del Real, 95 Cal. App. 4th at 769.

3  Other than that, Plaintiff mainly renews arguments that the Court has already rejected. Across these arguments, the Court finds no reason to modify its earlier analysis. Plaintiff has not alleged or otherwise shown that her administrative complaint included a post office address. As this Court previously explained, compliance with § 910(a) and (b) is an either-or proposition: either the written claim includes a post office address or it does not. Plaintiff's administrative complaint did not, and her complete failure to comply with this statutory requirement serves as an additional ground for dismissal. See Eppstein v. Berkeley, 52 Cal. App. 2d 395, 397 (1942); see also City of San Jose, 12 Cal. 3d at 456 (citing *Eppstein* as one of numerous holdings that substantial compliance cannot be predicated upon no compliance). Contrary to Plaintiff's assertion, this is the case even if SCCCD had knowledge of the required information. City of Stockton, 42 Cal. 4th at 738; see also City of San Jose, 12 Cal. 3d at 455 ("It is well-settled that claims statutes must be satisfied even in [the] face of the public entity's actual knowledge of the circumstances surrounding the claim." (citing Eppstein, 52 Cal. App. 2d at 397)).

4  Plaintiff also makes an unpersuasive case that Defendants waived their defense to the sufficiency of her claim in light of the "claim as presented" doctrine. Under this doctrine, a document that fails to substantially comply with § 910 "may still be considered a 'claim as presented' if it puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved." Del Real, 95 Cal. App. 4th at

1  769.  A "claim as presented" triggers a duty on the part of the public entity to notify the claimant
2  of the defects or omissions in the claim under California Government Code § 910.8, and failure to
3  do so waives any defense as to the claim's sufficiency under California Government Code § 911.
4  Olson, 17 Cal. App. 5th at 1061–62; Alliance Fin. v. City & Cty. of S.F., 64 Cal. App. 4th 635,
5  643–44 (1998).  To constitute a "claim as presented," a defective claim "must at least be of such
6  nature as to make it readily discernible by the entity that the intended purpose thereof is to convey
7  the assertion of a compensable claim against the entity which, if not otherwise satisfied, will result
8  in litigation."  Green v. State Ctr. Cmty. Coll. Dist., 34 Cal. App. 4th 1348, 1358 (1995).  In other
9  words, a "claim as presented" is a "written notice that a claim for monetary damages exists and
10 that litigation may ensue."  Alliance Fin., 64 Cal. App. 4th at 644 (quoted source omitted); see
11 also Phillips v. Desert Hosp. Dist., 49 Cal. 3d 699, 709 (1989) (explaining that "a written notice
12 claiming monetary damages thereby satisfies the purposes of the [Government Claims Act]—to
13 facilitate investigation of disputes and their settlement without trial if appropriate").

14         The Court previously found that Plaintiff's administrative complaint was not a "claim as
15 presented," and will do so here as well.  For one, application of the doctrine in this case would run
16 contrary to the plain language of § 911, which states that notice need not be given under § 910.8
17 and waiver of a sufficiency defense shall not result where a claimant's address is not included in
18 the claim as presented.  Connelly v. County of Fresno, 146 Cal. App. 4th 29, 38 (2006).  But even
19 if that issue is excused, Plaintiff's administrative complaint does not satisfy the "claim as
20 presented" test.  The complaints Plaintiff filed with the Chancellor's Office are attached to the
21 amended pleading.  FAC at 26–29 (Ex. B).  Collectively, these complaints make no demand for
22 money for injuries.  They make no claim for damages or any relief.  They make no threat,
23 mention, or even implication of potential legal action.  In the absence of any of this information, it
24 cannot be said that the complaints put Defendants on notice that Plaintiff was attempting to file a
25 government claim and that litigation would result if the matter was not resolved in her favor.  Del
26 Real, 95 Cal. App. 4th at 769.  While Plaintiff alleges that this information was conveyed by
27 counsel during the February 2019 interview, the "claim as presented" doctrine is based on *written*
28 notice that fails to fully comply with the claim presentation requirement under § 945.4.  Phillips,

9

49 Cal. 3d at 709. To neglect this and consider a "claim as presented" based on a combination of written and verbal notice would run contrary to the statutory language of the Government Claims Act and California case law interpreting that text. This, the Court will not do.

It bears mentioning that, in addition to her Chancellor's Office complaints, Plaintiff alleged that she submitted government claims with the California Department of General Services and the City of Fresno Risk Management Department. FAC, ¶¶ 17, 19. These claims are also attached to the amended pleading. FAC at 42–43 (Ex. F), 45 (Ex. G). Yet, as Defendants point out, Plaintiff has not alleged, shown, or even argued that these claims were submitted to or actually received by SCCCD, as required under California Government Code § 915. Still, these claims do stand in useful contrast to the Chancellor's Office complaints in so far as the they were submitted on forms that reference the Government Claims Act and seek the particular information required under § 910. This recalls Defendants' theory that Plaintiff's administrative complaint was not a government claim, but rather an unlawful discrimination complaint under § 59328. Unlike § 910, the regulation does not impose specific requirements for the content of a submitted complaint. As noted above, the parties have not presented—nor has the Court independently found—authority foreclosing the possibility that an unlawful discrimination complaint could also include the information required under § 910. But conceiving of this possibility is not the same thing as actually showing compliance with § 910, and Plaintiff has not done that here.

Finally, Plaintiff makes a broad and consistent push against dismissal by asserting that public policy favors her position. This assertion is taken skeptically given that compliance with the Government Claims Act's claim presentation requirement is a well-established condition precedent to an action of this kind. But even if it was the case, the relevant statutory language is clear: Plaintiff did not comply with the mandatory requirements of § 910, and thus did not properly present a written claim as required by § 945.4. Public policy, regardless of its merit, cannot overcome clear statutory language. See DiCampli-Mintz, 55 Cal. 4th at 992 (interpreting a claim presentation provision of the Government Claims Act, and stating that public policy should only be considered if statutory language is unclear, ambiguous, and suggestive of more than one reasonable interpretation).

Because Plaintiff failed to comply with the claim presentation requirement of the Government Claims Act, the Court will grant Defendants' motion to dismiss Plaintiff's state law claims. Although she requests leave to amend, Plaintiff offers no substantive reason as to why further amendment will not be futile after her claims have now been twice dismissed on the same grounds. Without more, the Court will dismiss the claims with prejudice. See Garmon, 828 F.3d at 842.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (Doc. No. 26) is GRANTED;
2. Plaintiff's first, second, third, and fourth causes of action are DISMISSED with prejudice;
3. Within fourteen days of service of this order, Defendants shall file an answer;
4. Upon the filing of Defendants' answer, the parties shall promptly contact the Magistrate Judge for the purpose of setting a scheduling conference date.

IT IS SO ORDERED.

Dated: January 22, 2021

SENIOR DISTRICT JUDGE